# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHLEEN SCHWEER, individually and on behalf of all others similarly situated, | CIVIL ACTION FILE NO. CIV-24-1323-JD |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| ELEVATE HEALTH LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff KATHLEEN SCHWEER (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2.     "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, she can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id.* at 649-50.

3.     Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including her own.

4.     Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Kathleen Schweer is an individual who has a 580 area code number, which is associated with this District.

7. Defendant Elevate Health LLC is a Louisiana based health insurance agency that uses illegal telemarketing calls to solicit business from and into this District, including by directing its conduct to 580- area code numbers and using 405- Oklahoma area code numbers to place the calls.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court has supplemental jurisdiction over the state law claims since they relate to the same telemarketing campaign.

9. This Court has specific personal jurisdiction over Elevate because it directed its conduct into this state by calling individuals with 580- area codes, as well as using Oklahoma 405- area code numbers on the calls.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to the case, namely, the illegal telemarketing conduct, occurred here because the calls were directed into this State and utilized this State's area codes to place the calls.

## **TCPA BACKGROUND**

The Enactment of the TCPA and its Regulations

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **FACTUAL ALLEGATIONS**

16. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. Plaintiff Schweer is also a "person" as the term is defined by 47 U.S.C. § 153(39).

18. At no point has the Plaintiff consented to receive telemarketing calls from the Defendant regarding the sale of goods or services, including health insurance services, prior to receiving the automated calls at issue.

Calls to Plaintiff

19. Ms. Schweer's residential telephone number is (580) XXX-XXXX.

20. That telephone number is a residential telephone line used by Ms. Schweer for personal calls and for personal, family, and household use.

21. The telephone number is a residential number because it is assigned to a telephone exchange service for consumers, not a telephone exchange service for businesses.

22. Ms. Schweer does not use the number for business reasons and the number is not registered in the name of or associated with a business.

23. The number is in Ms. Schweer's name and she pays the bill.

24. Plaintiff Schweer never consented to receive calls from Defendant.

25. Plaintiff Schweer never did business with the Defendant.

26. Ms. Schweer registered her residential telephone number on the National Do Not Call Registry for more than a year prior to the calls at issue, and it has remained on the Registry since that time.

27. Despite this, the Plaintiff received at least 6 calls and 2 text messages from the Defendant, which were sent between September 25, 2024 and October 1, 2024 and solicited her to sign up for health insurance.

28. The calls/texts (T) the Plaintiff received are reproduced below:

| Date | Caller ID | Date | Caller ID |
|---|---|---|---|
| 09/25/2024 | 405-266-9380 | 09/27/2024 | 405-266-8601 |
| 09/27/2024 | 405-266-8747 | 10/01/2024 (T) | 225-351-3288 |
| 09/27/2024 | 405-266-8636 | 10/01/2024 (T) | 225-351-3288 |
| 09/27/2024 | 405-266-8403 | | |
| 09/27/2024 | 405-266-8436 | | |

29. The Plaintiff answered a few of these calls, including the first such call on 9/25/2024, where the Plaintiff was pitched health insurance. The Plaintiff spoke with a representative who claimed to be calling from the illegally and fictitiously named "Health Advisors."

30. The Defendant uses the fake name "Health Advisors" at the outset of its illegal calls to avoid bad will for its brand and to obfuscate its identity as the source of the illegal calls it places in violation of the TCPA.

31. However, the Plaintiff knows that all the calls came from the same place, the Defendant, based on the use of the fake name "Health Advisors" and the 405-266 NPA-NXX code for each of the calls she received.

32. The Plaintiff stated that she was not interested and not to call her again.

33. Nevertheless, the calls continued incessantly just two days later.

34. During one such call, the call from the 405-266-8601 caller ID, the Plaintiff spoke to yet another individual from "Health Advisors" who was trying to solicit her to sell her health insurance. The Plaintiff stated that she was not interested and not to call again.

35. Thereafter, and determined to uncover the identity of the caller who was calling her illegally and to ensure the calls would stop and for no other reason, the Plaintiff called the 405-266-8601 telephone number back. An individual answered, who again stated he was from "Health Advisors" and who asked her information to sell her a health plan.

36. The Plaintiff then got transferred during that call to an insurance agent named Taylor Gamble, who sent the Plaintiff an email identifying himself as with the Defendant, as well as the following text message chain, which confirms Gamble's license number, which public records reveal is associated as an employee of the Defendant:





37. Defendant is a health insurance agency that sells health insurance.

38. Although some of the calls were either missed, rejected, or unanswered, the other calls were sent to also solicit the Plaintiff to purchase an individual or family health insurance plan and were later confirmed to be telephone numbers owned by the Defendant. The Defendant's calls were all made to sell the Plaintiff health insurance plans. They were therefore made for telemarketing purposes.

39. The Defendant called the Plaintiff at least eight times attempting to solicit the Plaintiff for health insurance that Plaintiff had no interest in.

40. Plaintiff never consented to receive calls from Defendant.

41. Plaintiff never did business with the Defendant.

42. Based on the foregoing, it is evident that Defendant mass-dials calls indiscriminately and incessantly, including to numbers on the Do Not Call Registry.

43. Plaintiff's privacy has been violated by the above-described telemarketing calls.

44. Plaintiff never provided her consent or requested these calls.

45. The aforementioned calls to the Plaintiff were unwanted.

46. The calls were non-consensual encounters.

47. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action on behalf of himself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

49. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

50. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the class members.

51. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

52. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

53. This Class Action Complaint seeks money damages.

54. The Class as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

55. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members for each Class number, at minimum, in the hundreds based on the fact that automated methods were used to send the calls.

56. The joinder of all Class members is impracticable due to the size of the Class and relatively modest value of each individual claim.

57. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

58. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (b) whether Defendant's conduct constitutes a violation of the TCPA;
>
> (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

       (d) whether Defendant Elevate is vicariously liable for calls placed by telemarketing vendors, if any.

59. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

60. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

61. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

62. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class

63. Plaintiff incorporates the allegations in paragraphs 1-62 as if fully set forth herein.

64. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone numbers of Plaintiff and members of the Class on the National Do Not Call Registry.

65. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and

every call made to their numbers on the National Do Not Call Registry in violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

66.     If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

B.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation as their actual damages for violations of the TCPA, together with fees and costs of suit; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing such Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: December 18, 2024          PLAINTIFF, individually and on behalf of all
                                  others similarly situated,

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
W.D. Oklahoma #24-217
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
