## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KATHLEEN SCHWEER, individually and on behalf of all others similarly situated,** | § § § § | |
| *Plaintiff,* | § § | |
| | § | **Case No. 5:24-cv-01323-JD** |
| **v.** | § § | |
| | § § | |
| **ELEVATE HEALTH LLC,** | § | |
| *Defendant.* | | |

### ELEVATE HEALTH LLC'S UNOPPOSED
### MOTION FOR LEAVE TO FILE OUT-OF-TIME ANSWER

**NOW INTO COURT**, through undersigned counsel, comes Defendant Elevate Health LLC ("Defendant" or "Elevate"), and respectfully submits this Unopposed Motion for Leave to File Out-of-Time Answer (the "Motion"). Plaintiff's counsel does not oppose the relief requested herein, and for this reason and those discussed more fully below, Defendant respectfully requests that this Court grant it leave to file its Answer and Affirmative Defenses, a proposed copy of which is attached hereto as **Exhibit "1,"** out of time. In support of this Motion, Defendant states the following:

1.    Plaintiff filed her Complaint on December 18, 2025, and a Summons was issued that same day. (ECF Docs. 1 & 2).

2.    Elevate was purportedly served with the Summons and Complaint on or about December 19, 2024. Accordingly, Elevate had until January 9, 2025, in which to respond to Plaintiff's Complaint.

1

3.      However, undersigned counsel for Elevate, Phelps Dunbar LLP, were not notified of the Complaint or otherwise engaged in this matter until January 9, 2025.

4.      Moreover, at the time counsel was engaged, no return or other proof of service had been filed into the record of this matter and Elevate could not recall the exact date on which it first received a copy of the Summons and Complaint. Specifically, as best as Elevate could recall at the time, a copy of the Summons and Complaint was delivered by a private individual to the wife of Elevate's Registered Agent and Manager, Mr. Sajeo Arguelles, at the address identified on the Summons, 453 S. Fairway Drive Madisonville, LA 70447, a few days after the December 18 date identified on the Summons.

5.      Accordingly, the day after being retained, on January 10, 2025, Elevate's counsel communicated with counsel for Plaintiff, Andrew Perrong, who agreed to an extension of Elevate's deadline to respond to the Complaint for 30-days. Counsel for Elevate also requested proof of service from counsel for Plaintiff, but not such proof was provided. In fact, Elevate was unable to confirm the exact date on which service was allegedly made until the evening of January 14, 2025, when Plaintiff's counsel filed into the record of this matter an Affidavit of Service dated December 24, 2024. (ECF Doc. 9).

6.      Meanwhile, on January 13, 2024, within two (2) business days of being retained, Elevate's counsel filed an Unopposed Motion for Extension of Time to Respond to Complaint (the "Motion for Extension"), which was stricken by the Court as untimely that same day. (ECF Doc. 7).

7.      In striking Elevate's Motion for Extension, the Court issued a notice stating that "[t]he deadline to file an answer or move for an extension of time was January 10,

PD.48348102.1

2025. Counsel may file a request to file their answer out of time, such motion should indicate opposing counsel's position as well."

8.     Thereafter, counsel for Elevate reached out to counsel for Plaintiffs in a good faith effort to resolve this matter, without involving the court and prior to any further significant legal costs being incurred by either party, and requested that Plaintiff make an initial settlement demand. However, Plaintiff's counsel responded on February 2, 2025, indicating that Plaintiff was not interested in and would not be making an individual settlement demand at this time.

9.     After reviewing and considering Plaintiff's response, Defendant determined that further settlement discussions would be futile at this time. Accordingly, Defendant immediately proceeded in preparing its Answer and Affirmative Defenses to Plaintiff's Complaint, a proposed copy of which is attached hereto as **Exhibit "1."**

10.     Therefore, in accordance with this Court's directive, Defendant now files the instant motion seeking leave of Court to file the attached Answer and Affirmative Defenses to Plaintiff's Complaint outside of the 21-day time period set forth in Fed. R. Civ. P. 12(a)(1).

11.     No entry of default has yet been requested by Plaintiff or entered by the Clerk of the Court in this matter, and in an email dated February 3, 2025, Plaintiff's counsel specifically stated: "We're willing to give you a week to get an answer on file."

12.     As such, Plaintiff does not oppose the relief requested in this Motion.

**WHEREFORE**, for the foregoing reasons, Elevate Health LLC respectfully requests this Court GRANT its Unopposed Motion for Leave to File Out-of-Time Answer

3

and allow the Answer and Affirmative Defenses to Plaintiff's Complaint attached as Exhibit "1" hereto to be filed outside of time and stand as part of the record in this case.

Dated: February 7, 2025.


Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Paige C. Jones*
        Paige C. Jones, OBA No. 32930
        PHELPS DUNBAR LLP
        2102 E. State Hwy. 114, Suite 207
        Southlake, Texas 76092
        Telephone: (817) 488-3134
        Facsimile: (817) 488-3214

**ATTORNEY FOR DEFENDANT,
ELEVATE HEALTH LLC**


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of this document has been served upon all counsel of record in accordance with the Federal Rules of Civil Procedure on February 7, 2025.

Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Caramel Avenue
Glenside, Pennsylvania 19038
Telephone: (215) 225-5529
Facsimile: (888) 329-0305
a@perronglaw.com


*/s/ Paige C. Jones*
Paige C. Jones

PD.48348102.1