## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KATHLEEN SCHWEER, individually and on behalf of all others similarly situated,** | § § § § § § | |
| *Plaintiff,* | § § | |
| | § | **Case No. 5:24-cv-01323-JD** |
| **v.** | § § | |
| | § § | |
| **ELEVATE HEALTH LLC,** | § | |
| *Defendant.* | | |

## ELEVATE HEALTH LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, Elevate Health LLC ("Elevate"), hereby files this Answer and Affirmative Defenses to the Complaint ("Complaint"), ECF No. 1, filed by Plaintiff, Kathleen Schweer, ("Plaintiff"). Elevate denies each allegation in the Complaint unless specifically admitted herein.

## ANSWER

**AND NOW,** responding to the numbered paragraphs of Plaintiff's Complaint, Elevate respectfully states as follows:

## NATURE OF ACTION[1]

1. The allegations contained in Paragraph 1 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response

---

[1] Elevate has included in its Answer the same headings that Plaintiff has included in her Complaint for ease of reference only. Any allegations contained in the headings of the Complaint are denied insofar as they are directed to Elevate.

PD.48348017.1

is required, the cited authorities speak for themselves and Elevate denies that it has committed any violations of applicable federal or state law.

2.      The allegations contained in Paragraph 2 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, the cited authorities speak for themselves and Elevate denies that it has committed any violations of applicable federal or state law.

3.      The allegations contained in Paragraph 3 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

4.      The allegations contained in Paragraph 4 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter. Elevate also specifically denies that an automatic telephone dialing system ("ATDS") was used to contact Plaintiff.

5.      The allegations contained in Paragraph 5 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

## **PARTIES**

6.      The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof.

PD.48348017.1

7.      The allegations contained in Paragraph 7 of the Complaint are denied as written. Elevate specifically denies that it "uses illegal telemarketing calls." Elevate admits that it is a Louisiana based Limited Liability Company.

## JURISDICTION AND VENUE

8.      The allegations contained in Paragraph 8 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate admits that this Court has subject matter jurisdiction over this action but denies that it has committed any violations of applicable federal or state law.

9.      The allegations contained in Paragraph 9 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate admits that this Court appears to have personal jurisdiction over Elevate but denies that it has committed any violations of applicable federal or state law.

10.     The allegations contained in Paragraph 10 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate admits that venue appears proper in this Court but denies that it has committed any violations of applicable federal or state law.

## TCPA BACKGROUND

The Enactment of the TCPA and its Regulations

11.     The allegations contained in Paragraph 11 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, the cited authorities speak for themselves and Elevate denies that it has committed any violations of applicable federal or state law.

12.     The allegations contained in Paragraph 12 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent

3

any response is required, the cited authorities speak for themselves and Elevate denies that it has committed any violations of applicable federal or state law.

13.     The allegations contained in Paragraph 13 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, the cited authorities speak for themselves and Elevate denies that it has committed any violations of applicable federal or state law.

14.     The allegations contained in Paragraph 14 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, the cited authorities speak for themselves and Elevate denies that it has committed any violations of applicable federal or state law.

15.     The allegations contained in Paragraph 15 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, the cited authorities speak for themselves and Elevate denies that it has committed any violations of applicable federal or state law.

## **FACTUAL ALLEGATIONS**

16.     The allegations contained in Paragraph 16 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, the cited authorities speak for themselves and Elevate denies that it has committed any violations of applicable federal or state law.

17.     The allegations contained in Paragraph 17 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, the cited authorities speak for themselves and Elevate denies that it has committed any violations of applicable federal or state law.

PD.48348017.1

18.     The allegations contained in Paragraph 18 of the Complaint are denied. Elevate specifically denies that an ATDS was used to contact Plaintiff.

<u>Calls to Plaintiff</u>

19.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 19 of the Complaint and therefore denies the same.

20.     The allegations contained in Paragraph 20 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 20 of the Complaint and therefore denies the same.

21.     The allegations contained in Paragraph 21 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 21 of the Complaint and therefore denies the same.

22.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 22 of the Complaint and therefore denies the same.

23.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 23 of the Complaint and therefore denies the same.

24.     The allegations contained in Paragraph 24 of the Complaint are denied.

25.     The allegations contained in Paragraph 25 of the Complaint are denied.

26.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 26 of the Complaint and therefore denies the same.

27.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 27 of the Complaint and therefore denies the same. Elevate specifically denies that it has committed any violations of applicable federal or state law.

28.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 28 of the Complaint and therefore denies the same. Elevate specifically denies that it has committed any violations of applicable federal or state law.

29.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 29 of the Complaint and therefore denies the same. Elevate specifically denies that it has committed any violations of applicable federal or state law.

30.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 30 of the Complaint and therefore denies the same. Elevate specifically denies that it has committed any violations of applicable federal or state law.

31.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 31 of the Complaint and therefore denies the same. Elevate specifically denies that it has committed any violations of applicable federal or state law.

PD.48348017.1

32.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 32 of the Complaint and therefore denies the same. Elevate specifically denies that it has committed any violations of applicable federal or state law.

33.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 33 of the Complaint and therefore denies the same. Elevate specifically denies that it has committed any violations of applicable federal or state law.

34.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 34 of the Complaint and therefore denies the same. Elevate specifically denies that it has committed any violations of applicable federal or state law.

35.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 35 of the Complaint and therefore denies the same. Elevate specifically denies that it has committed any violations of applicable federal or state law.

36.     Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 36 of the Complaint and therefore denies the same. Elevate specifically denies that it has committed any violations of applicable federal or state law. Moreover, the alleged "email," "text message chain," and "public records" speak for themselves and, to the extent they exist, are the best evidence of their content.

37.     The allegations contained in Paragraph 37 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent

PD.48348017.1

any response is required, the allegations in Paragraph 37 are denied as written, except to state that Elevate is a licensed agency that employs licensed health insurance agents to assist consumers in enrolling in health insurance plans if eligible.

38.    The allegations contained in Paragraph 38 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law.

39.    Elevate is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 39 of the Complaint and therefore denies the same. Elevate specifically denies that it has committed any violations of applicable federal or state law.

40.    The allegations contained in Paragraph 40 of the Complaint are denied.

41.    The allegations contained in Paragraph 41 of the Complaint are denied.

42.    The allegations contained in Paragraph 42 of the Complaint are denied. Elevate specifically denies that it has committed any violations of applicable federal or state law.

43.    The allegations contained in Paragraph 43 of the Complaint are denied. Elevate specifically denies that it has committed any violations of applicable federal or state law.

44.    The allegations contained in Paragraph 44 of the Complaint are denied.

45.    The allegations contained in Paragraph 45 of the Complaint are denied. Elevate specifically denies that it has committed any violations of applicable federal or state law.

46.    The allegations contained in Paragraph 46 of the Complaint are denied. Elevate specifically denies that it has committed any violations of applicable federal or state law.

PD.48348017.1

47.     The allegations contained in Paragraph 47 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

## CLASS ACTION ALLEGATIONS

48.     The allegations contained in Paragraph 48 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

49.     The allegations contained in Paragraph 49 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

50.     The allegations contained in Paragraph 50 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

51.     The allegations contained in Paragraph 51 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

52.     The allegations contained in Paragraph 52 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent

PD.48348017.1

any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

53.     The allegations contained in Paragraph 53 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

54.     The allegations contained in Paragraph 54 of the Complaint are denied. Elevate specifically denies that any class should be certified in this matter.

55.     The allegations contained in Paragraph 55 of the Complaint are denied. Elevate specifically denies that any class should be certified in this matter. Elevate also specifically denies that it uses an ATDS.

56.     The allegations contained in Paragraph 56 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

57.     The allegations contained in Paragraph 57 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

58.     The allegations contained in Paragraph 58 of the Complaint, including subsections (a) through (d), set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any

PD.48348017.1

violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

59.     The allegations contained in Paragraph 59 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

60.     The allegations contained in Paragraph 60 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

61.     The allegations contained in Paragraph 61 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

62.     The allegations contained in Paragraph 62 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

## FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class**

63.     Elevate adopts and incorporates its responses to Paragraphs 1–62 above, as if fully set forth herein.

PD.48348017.1

64.     The allegations contained in Paragraph 64 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

65.     The allegations contained in Paragraph 65 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

66.     The allegations contained in Paragraph 66 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law. Elevate specifically denies that any class should be certified in this matter.

## PRAYER FOR RELIEF

Plaintiff's "Prayer for Relief," including subsections (A) through (D), sets forth legal arguments and/or call for legal conclusions that require no response from Elevate. To the extent any response is required, Elevate denies that it has committed any violations of applicable federal or state law or that it is liable to Plaintiff in any way for any amount. Elevate specifically denies that any class should be certified in this matter.

## JURY DEMAND

Elevate acknowledges that Plaintiff has made a jury demand but denies that Plaintiff is entitled to a trial by jury.

Elevate reserves its right to amend and/or supplement these responses with additional facts and/or defenses as they may become known to Elevate through further investigation and discovery

12

during the course of this litigation.

**AND NOW,** setting forth its affirmative defenses, Elevate respectfully represents and states as follows:

1.      Plaintiff fails, under both federal and state law, to state a claim upon which relief can be granted.

2.      Plaintiff lacks standing to bring this action.

3.      Plaintiff's claims are barred at least in part by the applicable statute of limitations or the doctrine of laches.

4.      Plaintiff's claims are barred, in whole or in part, by the doctrines of consent, acquiescence, waiver, estoppel, or other equitable defenses to the extent that Plaintiff agreed to receive the alleged phone calls or text messages, failed to take action to request that she no longer receive calls or texts, or took advantage of any offers in the alleged phone calls or texts.

5.      Although Elevate denies that it made any calls or text messages to Plaintiff, out of an abundance of caution and to the extent Elevate is required to assert it as an affirmative defense, any alleged phone calls or texts were made in good faith and with a reasonable belief that it was not in violation of state or federal law, were justified, proper, and lawful, and were taken without any intent to violate state or federal law.

6.      Although Elevate denies that it made any calls or texts to Plaintiff, out of an abundance of caution and to the extent Elevate is required to assert it as an affirmative defense, any alleged phone calls or texts were not made by an automatic telephone dialing system ("ATDS").

7.      Although Elevate denies that it made any calls or text messages to Plaintiff, out of an abundance of caution and to the extent Elevate is required to assert it as an affirmative defense,

any alleged calls or texts were made in good faith and in conformity with and in reliance on administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Federal Communications Commission and/or other governmental body.

8.     Although Elevate denies that it made any calls or text messages to Plaintiff and even though Plaintiff bears the burden of proving a violation of the TCPA, out of an abundance of caution and to the extent Elevate is required to assert it as an affirmative defense, Plaintiff provided her "prior express consent" to receiving the alleged telephone calls or texts.

9.     Reasonable practices and procedures were established and implemented, with due care, to effectively prevent telephone solicitation in violation of the regulations.

10.    The Complaint fails, in whole or in part, to state a claim upon which injunctive relief can be awarded.

11.    Elevate has not engaged in any conduct or committed any act or omission that was or could have been the direct, legal, and/or proximate cause of any damage, loss, or injury to Plaintiff.

12.    Plaintiff's damages, if any, were caused by the fault of others over whom Elevate has no control and for whom Elevate has no responsibility and is not vicariously liable for.

13.    Plaintiff's damages, if any, were solely and proximately caused by her own intentional actions, inactions, fault, and/or negligence, which serves to defeat or proportionately diminish Plaintiff's recovery, if any.

14.    Plaintiff suffered no actual damages, and any actual damages allegedly sustained are too speculative as a matter of law.

15.    Plaintiff is not entitled to recover any amount from Elevate as damages.

PD.48348017.1

16.     Plaintiff is not entitled to recover attorney's fees, legal expenses and/or court costs from Elevate.

17.     Plaintiff's claims are barred in whole or in part by Plaintiff's own unclean hands and/or pursuant to the doctrine of inexcusable neglect.

**WHEREFORE**, Defendant Elevate Health LLC prays that this Answer and Affirmative Defenses be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of Elevate Health, LLC, and against Plaintiff, dismissing Plaintiff's claims in their entirety and with prejudice at Plaintiff's cost and awarding to Elevate Health LLC its reasonable attorney fees and costs incurred in defending this matter and such other relief as the Court may find is just and equitable under the circumstances.

Dated: February  10 , 2025.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Paige C. Jones*
        Paige C. Jones, OBA No. 32930
        PHELPS DUNBAR LLP
        2102 E. State Hwy. 114, Suite 207
        Southlake, Texas 76092
        Telephone: (817) 488-3134
        Facsimile: (817) 488-3214

**ATTORNEY FOR DEFENDANT,
ELEVATE HEALTH LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February 2025, I electronically filed the enclosed

Answer and Affirmative Defenses, and this Certificate of Service, through the Court's CM/ECF

filing system.

Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Caramel Avenue
Glenside, Pennsylvania 19038
Telephone: (215) 225-5529
Facsimile: (888) 329-0305
a@perronglaw.com

*/s/ Paige C. Jones*
Paige C. Jones

16