IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Kathleen Schweer ) | |
|        Plaintiff, ) | |
| v.   ) | Case No. 5:24-cv-01323-JD |
| ) | |
| Elevate Health LLC ) | |
|        Defendant. ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:  February 26, 2025

Appearing for Plaintiff:  Andrew Perrong

Appearing for Defendant: Katherine Mannino, Taylor Crousillac, and Amy Sherry Fischer

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    A.  Plaintiff's Positions

Plaintiff brings suit under the TCPA alleging that she was contacted without her permission after being listed on the Do Not Call list. The basis for those claims is that the Plaintiff received at least eight calls from the Defendant seeking to have her purchase Defendant's insurance products and services. Plaintiff alleges that she is a member of a class of individuals similarly situated and seeks to have the matter brought as a class action suit. The Plaintiff is seeking to represent the following putative classes of persons:

**National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

The allegations in the Plaintiff's complaint are incorporated herein by reference.

  B. Defendant's Positions

Defendant Elevate Health, LLC ("Elevate") disputes Plaintiff's positions in full and denies that Plaintiff is entitled to any relief, whether on an individual basis or on behalf of any proposed class. The evidence will show that Elevate has not violated the TCPA in any respect and is not liable for damages to Plaintiff or to any putative class member.

In particular, Elevate does not and did not call or text Plaintiff. And, anyone who may have called or texted Plaintiff (allegedly on Elevate's behalf) did so only after receiving express prior consent from Plaintiff. The same is true for any and all putative class members.

Elevate also expressly denies that Plaintiff (and/or any putative class member) was contacted through the use of an Automatic Telephone Dialing System ("ATDS"), which will also defeat Plaintiff's claims. Elevate will have other statutory and common law defenses to present as this case develops.

Further, Elevate notes that it has not been in business for 4 year, which renders Plaintiff's class definition overbroad on its face, and Elevate denies that Plaintiff will be able to satisfy any of Rule 23's requirements for the certification of a class in this matter.

Finally, in addition to the foregoing, Elevate's Answer and Affirmative Defenses are incorporated herein by reference. [Doc. 15]

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

  This Court has federal question subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 372 (2012). There are no jurisdictional objections.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   1. This Court enjoys personal jurisdiction over Defendant.
   2. This Court enjoys subject matter jurisdiction over the claims.
   3. Venue is proper in this District.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

a. <u>Plaintiff</u>: The TCPA provides for statutory damages of at least $500 per violation, which can be up to trebled if the Court finds that the violation is knowing and/or willful. 47 U.S.C. § 227(c)(5)(B). As such, the Plaintiff seeks for herself and the class the maximum permissible statutory damages under the TCPA. The TCPA also provides for injunctive relief, which the Plaintiff also seeks. The total amount of damages will depend on the number of calls the Defendant sent to the Plaintiff and each class member in violation of the TCPA.

b. <u>Defendant</u>: At this time, Elevate is not seeking any damages in this action. However, it is Elevate's position that Plaintiff is not entitled to damages. If successful, Elevate will seek to recover its costs and attorneys' fees. Elevate also reserves its right to file a counterclaim and seek damages from Plaintiff or any other party as the facts of this dispute develop through the course of discovery, which is ongoing.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
☐ Yes  X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

The Parties are just beginning and are in the early phases of discovery.

The Parties propose January 16, 2026 as the deadline to for Plaintiff to file a motion for class certification, with responses due thirty days thereafter.

In addition to opposing Plaintiff's motion for class certification, Elevate intends on filing a motion for summary judgment as to the merits of Plaintiff's individual claims or to the merits of the class members' claims (in the event a class is certified). The exact date of such filing cannot be determined due to the early stages of this litigation. Plaintiff's response to Elevate's motion for summary judgment should be due thirty days after Elevate's motion for summary judgment is filed.

Elevate is also in the process of determining whether any third-party demands or third-party claims are warranted. Elevate will act expeditiously to make such determinations and file the appropriate pleadings. Elevate reserves all rights with respect to the same.

7. **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by

Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes   X No
If "no," by what date will they be made? **March 20, 2025.**

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on February 26, 2025.

   B. The parties anticipate that fact discovery should be completed within 14 months, with the first 9 months focused on class discovery.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 9 months.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

      X Yes ☐ No

      For clarity, the parties do not anticipate that this case will involve ESI discovery calling for custodians and/or search terms, and will work in good faith to resolve ESI issues in the event they occur.

   E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

      X Yes ☐ No

      To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

      The Parties plan to submit a draft protective order in much the form provided by Chambers presently.

   F. Identify any other discovery issues which should be addressed at the

scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

The Parties agree that a confidentiality and/or stipulated protective order should be issued in this matter. They will work together to present the Court with a proposal that is consistent with the Court's local rules and procedures.

The Parties also anticipate that 14 months will be required to complete fact discovery. Within this broader deadline, the Parties have agreed to focus the first 9 months of discovery, or until November 28, 2025, mainly on class discovery.

9. **ESTIMATED TRIAL TIME**: 7-10 Days.

10. **BIFURCATION REQUESTED**: X Yes ☐ No

It is Elevate's position, that the first 9 months of discovery should be focused on class discovery. After class discovery is complete, the Parties will be in a better position to weigh the respective strengths of their positions and be able to have a more meaningful discussion regarding potential resolution of this matter. It will also guide the Parties with respect to Plaintiff's anticipated motion for class certification and Elevate's opposition.

However, although the Plaintiff has informally agreed to focus initial discovery on classwide issues, the Plaintiff cannot commit to a formal order for bifurcation, as it is Plaintiff's contention that such rigidity is not necessary or proportional to the needs of the case, particularly as there will necessarily be some overlap in discovery. Analysis in determining class certification often requires some evaluation about facts that go to the merits of a plaintiff's underlying claims, and Plaintiff

Thereafter, for the remaining 5 months of discovery, the Parties can hone in on merits discovery and related issues leading up to Elevate's deadline to file its motion for summary judgment.

11. **POSSIBILITY OF SETTLEMENT**:    ☐ Good        X Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes    ☐ No

    B.    The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    ☐ Judicial Settlement Conference
    X Other: Private mediation after initial discovery into the size and nature of the classwide calling conduct, which the parties anticipate will take until the fall of 2025. The Parties agree to mediate before December 1, 2025.
    ☐ None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>? ☐ Yes X No

14. <u>Type of Scheduling Order Requested</u>. ☐ Standard - X Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.) – The parties have modified the standard Scheduling Order to include the above deadline for filing a Motion for Class Certification and also have proposed extending the deadline to file amendments to pleadings and join additional parties as Elevate is still in the process of investigating potential third-party claims.

Submitted this 20th day of March, 2025,

        /s/ Andrew Roman Perrong
        Counsel for Plaintiff


        /s/ Katie Mannino
        Counsel for Defendant

        /s/ Amy Fischer
        Local Counsel for Defendant