IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHLEEN SCHWEER, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>ELEVATE HEALTH LLC,<br><br>       Defendant.<br><br>vs.<br><br>ACQUITY, LLC<br><br>       Third-Party Defendant. | Case No. 5:24-cv-01323-JD |

## THIRD-PARTY COMPLAINT

Defendant and Third-Party Plaintiff Elevate Health LLC ("Elevate"), for its Third-Party Complaint against Third-Party Defendant Acquity, LLC ("Acquity"), alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Third-Party Plaintiff Elevate is a limited liability company formed under the laws of the State of Louisiana with its principal place of business in Covington, Louisiana.

2. Third-Party Defendant Acquity is a domestic limited liability company formed under the laws of the State of Nevada. Acquity can be served through its registered agent, Joshua Grant Kidd, at 6744 Spencer St., Las Vegas, NV 89119.

3. Upon information and belief, Plaintiff Kathleen Schweer is an individual residing in the Western District of Oklahoma. [Doc. 1, ¶ 6].

1

4. Plaintiff's Complaint alleges this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq., and supplemental jurisdiction over the state law claims. [Doc. 1, ¶ 8].

5. This Court also has specific personal jurisdiction over Acquity because it directed its conduct into this state by calling individuals with 580- area codes, as well as using Oklahoma 405- area code numbers on the calls.

6. Further, pursuant to 28 U.S.C. § 1391, the United States District Court for the Western District of Oklahoma is a proper venue for the litigation of Elevate's third-party claims against Acquity.

## GENERAL ALLEGATIONS

7. Plaintiff's Complaint alleges that Elevate improperly contacted Plaintiff in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. Plaintiff also seeks to certify a class of alleged similarly situated individuals. [Doc. 1].

8. Elevate disputes Plaintiff's allegations in full and, in particular, disputes Plaintiff's allegations that Elevate placed any outgoing communications to Plaintiff as that is something that Elevate does not do.

9. To the extent that Plaintiff was improperly contacted at all, as alleged, those communications came from third parties that Elevate may have contractual and business relationships with, such as Acquity.

10. On or about August 14, 2024, Elevate and Acquity entered into a Lead Sales Agreement (hereinafter, the "Agreement"), which was still in effect at the time of the events giving rise to this lawsuit.

11.     The Agreement entered into between Elevate and Acquity is a valid and enforceable contract.

12.     Pursuant to the terms of the Agreement, Acquity agreed to comply with all applicable laws and regulations, including the TCPA. The Compliance provision, Section 1.6, in the Agreement states, in relevant part:

> Both Parties represent and warrant that all lists of Leads and contacts provided under this Agreement have been procured with valid consent, including leads procured by Acquity and transferred to [Elevate], and comply with all applicable federal, state, and local laws, rules and regulations, including without limitation, those regarding e-mail, direct mail, and mobile marketing, telephone solicitations, and fax broadcasts, including, without limitation proper processing of opt-out, do-not-call, and similar requests under the CAN-SPAM Act of 2003, the Telephone Consumer Protection Act of 1991 ("TCPA"), the Telemarketing Consumer Fraud and Prevention Act ("TCFA") and the FCC and FTC rules and regulations implementing the TCPA and TCFA.

13.     Thus, pursuant to the terms of the Agreement, if Acquity has violated the TCPA, it has breached its contractual agreement with Elevate.

14.     To the extent Plaintiff or other putative class members were contacted in violation of the TCPA, that unlawful contact was made by Acquity, not Elevate.

15.     The Agreement between Elevate and Acquity also contains a Section on page 3 of the Agreement titled "INDEMNIFICATION," which states:

> Each of the Parties shall indemnify the other and hold harmless from, any and all claims, action, damages, expenses (including court costs, arbitration costs, and reasonable attorney fees), obligations, losses, liabilities and liens, imposed or incurred by, or asserted against any of the Parties, their successors or assigns, occurring solely as a result of a breach of this Agreement.

16. Acquity has breached this duty to Elevate by failing to indemnify and defend Elevate in this litigation.

17. If Elevate is or becomes liable to Plaintiff, then Elevate alleges such liability derives in full or in part from Acquity's conduct and breach of the Agreement. Elevate also alleges any costs to defend itself in this suit are attributable to Acquity. Elevate has filed this Third-Party Complaint to seek indemnity and compensation from Acquity for Elevate's liability, if any, and compensation for all other damages caused by Acquity's conduct.

## CAUSES OF ACTION

### Count I: Breach of Contract

18. Elevate hereby incorporates by reference paragraphs 1 through 17 of this Third-Party Complaint as if set forth fully herein.

19. Elevate and Acquity entered into a valid and enforceable contract.

20. Elevate has performed all of its obligations under the Agreement.

21. If Plaintiff's allegations are true or become proven, then Acquity has breached its contract with Elevate by failing to comply with the terms and conditions of the Agreement regarding compliance with the TCPA and other applicable laws. In particular, Section 1.6 of the Agreement.

22. As a result of Acquity's breaches, Elevate has suffered and will continue to suffer damages.

### Count II: Defense, Indemnification, and/or Contribution

23. Elevate hereby incorporates by reference paragraphs 1 through 22 of this Third-Party Complaint as if set forth fully herein.

24. Elevate expressly denies that it is liable to Plaintiff under any claims or causes of action, however, if it is established at trial that Elevate has any liability for the subject incident or for Plaintiff's alleged damages, Elevate is entitled to both contractual and common law indemnity from Acquity, including Elevate's cost of defending this action, under the terms of the Agreement's Indemnification provision.

25. In the event that Elevate is found liable to Plaintiff, Elevate is entitled to contribution from Acquity for any portion of the damages sought by Plaintiff for which liability is apportioned to Elevate.

26. Elevate is entitled to recover from Acquity all losses and damages incurred as a result of this litigation, including costs and attorneys fees, suffered by Elevate as a result of Acquity's breach of contract.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Defendant and Third-Party Plaintiff, Elevate Health LLC, by way of its Third-Party Complaint, respectfully requests the Court enter judgment in its favor and against Third-Party Defendant, Acquity, LLC, plus reasonable costs, including attorney fees, incurred in this lawsuit, together with any other relief that the Court deems just, equitable, or proper.

Respectfully submitted,

*s/Amy Sherry Fischer*
Amy Sherry Fischer-OBA# 16651
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
amyfischer@oklahomacounsel.com

**ATTORNEY FOR DEFENDANT AND THIRD-PARTY PLAINTIFF ELEVATE HEALTH LLC**

## **CERTIFICATE OF SERVICE**

[X] I hereby certify that on this 1st day of July, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Andrew Roman Perrong, Esq.
W.D. Oklahoma #24-217
Perrong Law, LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Telephone: 215-225-5529
Facsimile 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
a@perronglaw.com

Attorney for Plaintiff

*s/Amy Sherry Fischer*